HAWTHORNE, Justice.
This is an appeal by Aholiab Ohanna from a judgment granting to his wife an absolute divorce on the ground that the couple had been living separate and apart for more than two years.
Besides awarding to the wife an absolute divorce, the judgment appealed from dissolved the community of acquets and gains formerly existing between the parties, gave to the wife the custody of two minor children born of the marriage, ordered the defendant to pay alimony to the wife in the sum of $25 per week for her support and $30 per week for the support of the children, and perpetuated a preliminary injunction previously issued which enjoined the defendant from disposing of, mortgaging, or alienating the community property except as modified by orders of the court. The husband appeals from this judgment only “insofar as it decrees a divorce”.
At the time the wife instituted this suit for an absolute divorce on the ground of two years’ separation, there was pending in the district court a suit instituted by her for separation from bed and board on the ground of cruelty, which had been filed on March 10; 1952. The suit for separation was bitterly contested, numerous pleadings were filed in it, and rules for the fixing of alimony, for contempt, etc., were tried. This separation suit was consolidated with the instant suit for divorce, and after trial of both suits on the merits the judgment appealed from was rendered.
After the wife’s suit for separation from bed and board had been pending approximately two years, the husband on January 11, 1954, filed a suit to have his wife interdicted on the ground of^mental incapacity. On November 9, 1954, the lower court rendered judgment dismissing the husband’s suit for interdiction, and from that judgment he has appealed. That appeal is fixed for hearing in this court on April 5, 1956 (our docket No. 42,233).
While the husband’s suit for interdiction was pending, the wife on March 26, 1954, *945 instituted the instant suit for an absolute divorce, which was consolidated with her suit for separation from bed and board, as stated above.
In his answer to the divorce suit the husband first excepted, seeking to have this suit stayed until final determination of the interdiction suit, which was then before another division of the Civil District Court for the Parish of Orleans. In the exception he alleged that plaintiff was without capacity to bring the divorce suit because interdiction proceedings were pending against her. He never urged this exception, however, it was never tried, and no ruling was made on it by the trial judge.
After the instant appeal in the divorce suit was placed on the docket of this court and fixed for argument, the husband filed a motion praying that the argument be postponed, and that this appeal be consolidated and heard with the appeal in the interdiction suit fixed for April 5. This motion was denied.
In arguing the merits of the instant appeal the husband does not contend that the judgment of the lower court granting his wife an absolute divorce is erroneous. He does not point out any error of law or of fact in the judgment of the district court except to allege that plaintiff should not have been granted a divorce while her sanity was under attack. Moreover, he argues that we should postpone taking any action in this appeal until the interdiction suit has been finally decided by this court.
Appellant has advanced no valid reason, legal or otherwise, why we should delay our decision in this divorce proceeding. His wife’s mental capacity is not an issue in this proceeding, was never urged in or passed upon by the lower court, and is therefore not before us on this appeal. Furthermore, his suit to have his wife interdicted was dismissed in the lower court.
We realize that a person interdicted for mental incapacity cannot prosecute a suit and stand in judgment. Moreover, we recognize that if this court should reverse the judgment of the lower court in the interdiction proceedings and interdict the wife, the interdiction would take place, under Article 400 of the Louisiana Civil Code, from the date of the presentation of the petition for interdiction. However, a reversal of the lower court’s judgment dismissing the interdiction proceedings is at this time highly uncertain and problematical, and this remote possibility cannot be a reason for postponement of our decision in the present case. In the event the wife should be interdicted in the pending suit, the validity of the judgment in the instant case can be determined later in a proper proceeding. See C.C. art. 401.
The judgment is affirmed at appellant’s costs.